United States District Court

Eastern District of California

Glenn T. Mason,

     Plaintiff,                        No. Civ. S 04-1123 FCD PAN P

   vs.                             Findings and Recommendations

M. Sandham, et al.,

     Defendants.

-oOo-

    Plaintiff is a prisoner, without counsel, prosecuting a civil rights action against prison officials.  In his June 10, 2004, complaint, plaintiff alleges his constitutional rights were violated by prison officials' failure to provide hard contact lenses or corneal transplant for bilateral keratoconus and history of corneal hydrops in the right eye.  The pleading seeks damages and an order prohibiting defendants from retaliating against plaintiff for bringing this suit.

    June 29, 2005, plaintiff moved for a preliminary injunction.

The motion makes vague allusions to negative actions plaintiff perceives as retaliatory ("bully tactics," "broken, taken or dest[royed] property"); the only specific relief requested is "contact lens solution."  Defendants opposed the motion July 15, 2005, providing evidence plaintiff received contact lens solution July 5, 2005.  Plaintiff replied August 10 and 25, 2005, but he did not dispute that he had received contact lens solution. Plaintiff's September 28, 2005, motion for counsel indicates he was scheduled to receive a corneal transplant between October 11 and December 10, 2005.

 A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  The threatened injury must be immediate. Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).  Since the remedy is equitable in nature, there must be no adequate remedy at law. Stanley v. University of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994).

 Even if movant makes that threshold showing, he is not entitled to a prohibitory preliminary injunction unless he

1  demonstrates either probable success on the merits and the
2  possibility of irreparable injury, or serious questions regarding
3  the merits of his claims and a balance of hardships tipping
4  sharply in his favor. Miss Universe, Inc. v. Flesher, 605 F.2d
5  1130, 1134 (9th Cir. 1979). If the balance of harm tips
6  decidedly toward the plaintiff, then the plaintiff need not show
7  as robust a likelihood of success on the merits as when the
8  balance tips less decidedly. Benda v. Grand Lodge of the
9  International Association of Machinists, 584 F.2d 308, 315 (9th
10 Cir. 1978). If the relief sought is mandatory rather than
11 prohibitory, the balance must more clearly favor the applicant.
12 Dahl v. HEM Pharm. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).
13     The purpose in issuing a temporary restraining order is to
14 preserve the status quo pending a fuller hearing. Requests for
15 temporary restraining orders which are not ex parte and without
16 notice are governed by the same general standards that govern the
17 issuance of a preliminary injunction. See New Motor Vehicle Bd.
18 v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,
19 J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court,
20 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
21 Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368
22 (S.D.N.Y. 1990).
23     Plaintiff provides nothing but speculation to support his
24 fear of retaliation. Plaintiff's need for intervention to obtain
25 contact lens solution is moot. Thus, plaintiff fails to show the
26 threat of an immediate injury that would impair the court's

ability to grant effective relief in this action absent a restraining order and injunction.

Accordingly, the court hereby recommends that plaintiff's June 29, 2005, motions a preliminary injunction be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, plaintiff may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  December 27, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

4