IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN T. MASON,

        Plaintiff,                        No. CIV S-04-1123 FCD PAN P

   vs.

M. SANDHAM, et al.,                ORDER AND

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motions[1] for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and on plaintiff's June 16, 2006 motion for leave to file an amended complaint. Plaintiff seeks to amend his complaint to add new defendants to this action. He has not, however, named the proposed new defendants, nor has he submitted with his motion a proposed amended complaint. For these reasons, plaintiff's motion to amend will be denied.[2]

---

[1] On September 30, 2005, defendant D. L. Runnels filed a motion for judgment on the pleadings. On November 9, 2005, defendants Wilson, James, Runnels, Jackson, Roche, Stovall, and Hlusak filed a motion for judgment on the pleadings.

[2] The court notes that on March 7, 2005, plaintiff submitted an exhibit related to the commencement of the grievance process and requested its inclusion with his complaint. On April 4, 2005, and on June 22, 2005, plaintiff submitted letters to the court inquiring as to the status of his exhibit and request. Plaintiff's exhibit is not included with his complaint; it is, however, part of the court record in this matter. Plaintiff is advised that the decision on plaintiff's grievance at the director's level of review is the document establishing exhaustion of administrative remedies.

On September 30, 2005, defendant D. L. Runnels filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant Runnels seeks judgment on the ground that the claim against him is based solely on a theory of respondeat superior not cognizable in this § 1983 action.

On November 9, 2006, defendants Wilson, James, Runnels, Jackson, Roche, Stovall, and Hlusak filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on the grounds that plaintiff failed to exhaust his administrative remedies as required by Cal. Code Reg., Title 15 §3084 and the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997e.[3]

Federal Rules of Civil Procedure Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." For purposes of a Rule 12(c) motion, the allegations of the non-moving party are accepted as true, while the allegations of the moving party that contradict those of the non-moving party are assumed to be false. See Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004). The burden is on the moving party to show that no material issue of fact remains to be resolved, and that it is entitled to judgment as a matter of law. See Hal Roach Studios v. Richard Feiner, 883 F.2d 1429, 1436 (9th Cir. 1989) (citations omitted).

On April 12, 2005, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ANALYSIS

At issue on these motions for judgment on the pleadings is (1) whether plaintiff's claim against defendant D.L. Runnels is based solely on a theory of respondeat superior, and (2)

---

[3] A motion challenging plaintiff's compliance with the requirement that he exhaust administrative remedies prior to filing suit is properly brought as an unenumerated 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (2003).

whether plaintiff exhausted administrative remedies with respect to the claims at bar prior to filing this action.

1. Respondeat Superior

Defendant D.L. Runnels moves the court for judgment on the pleadings on the ground that the claim against him is based solely on a theory of respondeat superior not cognizable in this § 1983 action.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

Plaintiff alleges in his complaint that defendant Runnels, as High Desert State Prison Warden, "is holding a position that makes the defendant accountable for every inmate [sic] health an [sic] safety that's [sic] housed at High Desert State Prison" and because of the problems plaintiff has had in seeking his medical care, defendant Runnels has therefore caused a violation of plaintiff's rights under the Eighth Amendment. After review of the complaint, this court finds that plaintiff's inclusion of defendant D.L. Runnels, as Warden of the prison, is based solely on a theory of respondeat superior. For this reason, defendant Runnels' motion for judgment on the pleadings should be granted.

2. Failure to Exhaust Administrative Remedies

   A. Legal Standards

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120. On a motion to dismiss for failure to exhaust available administrative remedies, "the court may look beyond the pleadings and decide disputed facts." Id.

The California prison grievance procedure has several layers, culminating in the third, or Director's, level review. See Cal. Code Regs tit. 15, §§ 3084.1- 3084.; see also Woodford v. Ngo, _ U.S. _, 126 S. Ct. 2378, 2383 (2006). As a general rule, administrative procedures are exhausted once an inmate's grievance is decided at the Director's Level, or third

4

1  level of review.  See Cal. Dep't of Corrections Operations Manual, § 54100.11; see also Lira v.
2  Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).  Completion of an inmate grievance form provided
3  by prison officials, followed by pursuit of all necessary steps of the administrative appeals
4  process, achieves the purposes of the PLRA's exhaustion requirement.  See Butler v. Adams, 397
5  F.3d 1181, 1183 (2005) (citing Porter v. Nussle, 534 U.S. 516 (2002)).

      B.  Application

          1. Defendant Jackson

In support of their motion, defendants have presented evidence that plaintiff has not filed any grievances concerning defendant Jackson's failure to process his grievances relating to his need for medical care.  Plaintiff has not submitted copies of grievances and does not dispute that he has failed to exhaust administrative remedies with respect to this claim.

Defendants have satisfied their burden of proof and plaintiff has failed to rebut it. The court finds plaintiff has failed to exhaust available administrative remedies with respect to his claims concerning defendant Jackson's failure to process his grievances. Therefore, defendants' motion for judgment on the pleadings should be granted as to defendant Jackson.

          2.  Defendants Wilson, James, Runnels, Roche, Stovall, and Hlusak

In support of their motion, defendants claim that although one of plaintiff's grievances regarding deliberate indifference to his medical needs went to the director's level on appeal, plaintiff did not name any members of the High Desert State Prison medical staff in his grievances as those responsible for failing to care adequately for his medical needs.  The record shows that plaintiff submitted a grievance on or about August 12, 2003, which was ultimately denied at the director's level of review.

The grievance form provided to inmates in California prisons does not require an inmate to identify specific persons when filing a grievance.  Plaintiff completed the available grievance form and pursued his claim of inadequate medical care through each level of the appeals process, where it was finally denied at the director's level of review.  The grievance was

sufficient to satisfy the exhaustion requirements of 42 U.S.C. § 1997e(a).  See Butler, supra. Defendants' motion for judgment on the pleadings should therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's June 16, 2006, motion for leave to file an amended complaint is denied.

IT IS HEREBY RECOMMENDED that:

1.  Defendant Runnels' September 30, 2005, motion for judgment on the pleadings be granted; and

2.  Defendants' November 9, 2005, motion for judgment on the pleadings be granted as to defendant Jackson and denied as to defendants Wilson, James, Roche, Stovall, and Hlusak.[4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 28, 2006.

UNITED STATES MAGISTRATE JUDGE

14/maso1123.mjop2

---

[4] The court recommends dismissal of defendant Runnels from this action for plaintiff's failure to state a claim upon which relief may be granted.  That recommendation moots defendant Runnels' separate contention that plaintiff failed to exhaust administrative remedies with respect to his claim against defendant Runnels.